24CA0152 Peo in Interest of IAD 05-21-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0152
City and County of Denver Juvenile Court No. 23JD106
Honorable Laurie Clark, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of I.A.D.,

Juvenile-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE HARRIS
Tow and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

---

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee

Megan A. Ring, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Juvenile-Appellant

¶ 1    I.A.D. appeals the juvenile court's order requiring him to pay restitution, contending that the prosecution failed to timely provide restitution information and that I.A.D. did not proximately cause the victim's loss.  We affirm.

## I.    Background

¶ 2    In February 2023, I.A.D. was charged with aggravated motor vehicle theft after he crashed a stolen Hyundai Elantra sedan and fled the scene.  He later pleaded guilty to the charge under a deferred adjudication and sentence agreement.  The agreement required I.A.D. to pay restitution and provided that "restitution is reserved."

¶ 3    At the sentencing hearing in September, the prosecutor asked to "reserve restitution for [ninety-one] days."  The court "order[ed] restitution" but, noting that "it sounds like we don't have that information yet," set a restitution review hearing for November.

¶ 4    In the meantime, the prosecution filed a "restitution worksheet" with documentation showing a total restitution amount of $2,130.  On the day of the review hearing, however, the prosecution filed an updated motion for restitution, requesting only $480.

¶ 5    I.A.D. objected to the restitution motion, in part on the ground that the prosecution had failed to submit restitution information to the court before the sentencing hearing, as required by section 18-1.3-603(2)(a), C.R.S. 2023.[1]  The court overruled the objection in a short written order but set a hearing on the amount of restitution.

¶ 6    The day before the restitution hearing, the prosecution filed a second restitution worksheet with documentation for two items listed on the original worksheet — an insurance deductible payment ($100) and a replacement key to a Ford F-150 truck ($308.95).

¶ 7    At the hearing, the owner of the stolen car testified that she was only seeking reimbursement for those two items because the other items on the original worksheet were recovered from her car after the crash.  She said that due to the extensive damage to her car, the insurance company paid her the value of the car minus her $100 deductible.  As for the Ford F-150 key, the car owner said that she kept her own key to her boyfriend's truck and a key to the Elantra together on a key chain.  I.A.D. had the keys in his pocket

---

[1] The restitution statute was amended in 2025.  *See* Ch. 307, sec. 1, § 18-1.3-603, 2025 Colo. Sess. Laws 1606-07.  The opinion cites to the version of the statute in effect at the time of I.A.D.'s sentencing and restitution hearings.

when he was arrested, but she "never got the keys" back. After the theft, she and her boyfriend ordered a new key, which she paid for. She acknowledged that the original worksheet showed the cost of the key as $380, but she explained that she had transposed the numbers, and the actual cost was $308.95.

¶ 8    At the conclusion of the hearing, the court ordered I.A.D. to pay $408.95 in restitution to the car owner.

## II.    The Restitution Order

¶ 9    On appeal, I.A.D. argues that the restitution order must be vacated in its entirety because the prosecution failed to timely submit restitution information or, alternatively, the award must be reduced by the cost of the replacement key because his conduct did not proximately cause that loss.

### A.    Timeliness of the Restitution Information

¶ 10    "Restitution in juvenile cases is governed by the adult restitution statute," sections 18-1.3-601 to -603, C.R.S. 2023. *People in Interest of A.V.*, 2018 COA 138M, ¶ 22.

¶ 11    At the time of I.A.D.'s sentencing hearing, section 18-1.3-603(1)(b) allowed the court to order restitution as part of the judgment but to defer a determination of the restitution amount for

up to ninety-one days. *See People v. Weeks*, 2021 CO 75, ¶¶ 4-5. Still, under section 18-1.3-603(2), the prosecution was required to submit restitution information — the amount of restitution and the identity of the victims — before judgment was entered or, if the information was not yet available, within ninety-one days of the judgment. *See Weeks*, ¶ 31.

¶ 12    I.A.D. says that the restitution information was available at the time of sentencing and, because the prosecution failed to submit it then, the court lacked authority to order restitution after the hearing.

¶ 13    Even assuming the prosecution could have obtained the restitution information before sentencing,[2] and the court therefore erred by giving it additional time to file the restitution motion, "the [juvenile] court was not deprived of the authority to act in this case because ultimately the court was able to enter an order within its

___

[2] We are not convinced that that the restitution information was available in September 2023. Documentation attached to the original restitution worksheet suggests that the car owner was still buying replacement items in late October 2023. Those items were then listed on the original worksheet submitted on November 3, 2023. True, the car owner later recovered most of her stolen items and therefore reduced her restitution request, but that development appears to have occurred after the sentencing hearing.

ninety-one-day deadline." *People v. Brassill*, 2024 COA 19, ¶ 58 (*cert. granted* Aug. 4, 2025); *see also People v. Martinez Rubier*, 2024 COA 67, ¶ 47 ("Because the court entered its restitution order within the ninety-one-day statutory deadline, . . . it never lost the authority to enter the restitution order, even though it erred by granting the prosecutor an unrequested extension of time to submit the restitution information.").

¶ 14  *Weeks* is not to the contrary.  In that case, the trial court lost authority to enter the restitution order not because the prosecution failed to submit the restitution information at sentencing but because the court "violated the ninety-one-day deadline in subsection (1)(b) to determine the amount of restitution."  *Weeks*, ¶ 47.  When the supreme court said, "[I]f the prosecution fails to timely submit the proposed amount of restitution . . . , the mittimus should be updated to reflect that no restitution is required," *id.* at ¶ 9, it was referring to the prosecution's ninety-one-day deadline or some extended deadline imposed by the trial court.  After all, in the preceding paragraph, the court made clear that submitting restitution information or obtaining an extension to do so should "ideally" happen before or at the sentencing hearing, but that

"[f]ollowing the sentencing," the prosecution "may still request and receive an extension of its deadline." *Id.* at ¶ 8. If the supreme court had meant that the trial court's authority to enter a restitution order turned on the prosecution's compliance with all aspects of section 18-1.3-603(2), we think the court would have said so directly.

¶ 15 We also reject I.A.D.'s conclusory argument that his due process rights were violated by the prosecution's late disclosure of the receipt for the replacement key.

¶ 16 On November 3, 2023, more than a month before the restitution hearing, the prosecution submitted the original restitution worksheet listing a replacement key for a Ford F-150 truck and the amount paid (albeit with the numbers transposed). As I.A.D. acknowledges, at the restitution hearing, he had an opportunity to cross-examine the car owner about the replacement key. Accordingly, due process was satisfied. *See People v. Perez*, 2020 COA 83, ¶ 49 (due process is satisfied, in the restitution context, when the defendant receives notice of the factual basis for the restitution motion and an opportunity to contest that basis), *overruled in part on other grounds by*, *Weeks*, ¶ 47 n.16, *and cert.*

*granted, judgment vacated on other grounds, and case remanded,* (Colo. No. 20SC559, Dec. 6, 2021) (unpublished order).

### B. Evidence Concerning the Replacement Key

¶ 17 As a general matter, the court may only order restitution for a victim's pecuniary losses proximately caused by the defendant's criminal conduct. *See* § 18-1.3-602(3)(a), C.R.S. 2023.

¶ 18 I.A.D. argues that the Ford F-150 key belonged to the car owner's boyfriend; the boyfriend was not the "victim" of the criminal conduct, so he was not entitled to restitution; and, in any event, the police's failure to return the key, not the motor vehicle theft, was the proximate cause of the loss. That argument fails at each step.

¶ 19 First, the car owner testified that the lost truck key was hers, not the boyfriend's, and that she paid for the replacement key.

¶ 20 Second, as a result, the car owner, not the boyfriend, was the victim, and the court properly ordered I.A.D. to reimburse her for the cost to replace the key.

¶ 21 Third, I.A.D.'s conduct proximately caused the car owner's loss. Proximate cause is any cause "which in natural and probable sequence produced the claimed injury and without which the claimed injury would not have been sustained." *People v. Stone,*

2020 COA 24, ¶ 26 (citation omitted). Unlawful conduct that is "broken by an independent intervening cause cannot be the proximate cause" of the victim's loss, but "[t]o qualify as an intervening cause, an event must be unforeseeable." *Martinez v. People*, 2024 CO 6M, ¶ 13 (citation omitted). Even assuming the police had continuous possession of the truck key, the proximate cause argument does not hold up. It is entirely foreseeable that the police would keep a stolen vehicle key recovered from a juvenile suspected of motor vehicle theft, at least until the case is resolved. By the time the case was resolved in September, the car owner had replaced the key. At worst, the police were negligent in failing to return the key. But simple negligence is foreseeable and does not break the causal chain. *Id.* at ¶ 33 (an intervening cause is unforeseeable only if the other actor's conduct is grossly negligent); *see also Commonwealth v. Buckley*, 57 N.E.3d 1051, 1056-57 (Mass. App. Ct. 2016) (explaining, in a restitution appeal, that the police's negligence in failing to notify the car owner that his car had been recovered did not break the causal chain between the defendant's motor vehicle theft and the loss of the value of the car).

8

¶ 22     In sum, we conclude that the court properly awarded $408.95 in restitution to the car owner.

### III.  Disposition

¶ 23     The order is affirmed.

JUDGE TOW and JUDGE BROWN concur.